Dunkin, Ch.
delivered the opinion of the Court.
In reference to the first ground of appeal taken by the collateral relations of Elizabeth Rochell, deceased, and the appeal taken by the collateral relations of Samuel Tompkins, deceased, the Court concur in the judgment of the Chancellor, and do not deem it necessary to add to the reasoning of the decree.
In Reid vs. Lamar, this Court have just determined that the power of a married woman over her separate estate, was derived from the deed or instrument creating such estate, and that she had no other capacity to contract but as authorized or empowered by the settlement.
It is provided, however, by this deed, that the estate, real and personal, and the profits thereof, should be for the sole and separate use of the said Elizabeth Rochell, notwithstanding her coverture, and not subject to the debts, contracts, or engagements of the said John Rochell, her said intended husband, “except so far as the management of the said estate, real and personal, may be committed to the said John Rochell, as the agent and appointee of the said Elizabeth, and for her special use and benefit.”
The allegation of the complainant is that he managed the trust estate as the agent of his wife, and that it was increased and improved under his judicious management, and that the debts, for which he claims indemnity, were necessarily incurred in the course of such management, and solely for the *122 benefit of the estate. Upon this point it is proposed to express no opinion until the facts have been ascertained, and the report of the Commissioner heard.
The decree of the Circuit Court is reformed, and the order of reference modified according to the principles of this decree.
Harper, Ch. and Johnston, Ch. concurred.

Decree reformed.